Judge Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>JAMES CODY BRYANT,<br>Defendant. | NO. CR26-196 KKE<br><br>STIPULATION FOR ENTRY OF PROTECTIVE ORDER<br><br>**NOTE ON MOTION CALENDAR:**<br>October 21, 2026 |

The United States of America, by and through Todd Greenberg, Assistant United States Attorney for the Western District of Washington, and Defendant James Cody Bryant, by and through defense counsel Gregory Murphy and Dennis Carroll, hereby file this Stipulation for Entry of a Protective Order prohibiting the dissemination or misuse of the discovery materials in this case, pursuant to Federal Rule of Criminal Procedure 16(d)(1). The Court has broad discretion to direct the disclosure and dissemination of discovery materials, including entering the requested Protective Order, pursuant to Fed. R. Crim. P. 16(d)(1).

The Indictment in this case alleges that the defendant conspired to commit murders in British Columbia, Canada. The conspiracy is alleged to have culminated with coconspirator JVR killing two of JVR's family members at their residence and then attacking a school where JVR killed five children and one staff member and injured



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

several others. Many of the discovery materials contain sensitive information, including documentation of the crime scenes, victim and witness names and identifying information, and foreign law enforcement reports. The government requests that the Court balance the need for production of this information against the harm that disclosure may cause, particularly given that the discovery materials relate to personally identifying information that is protected by the federal Privacy Act.

The parties stipulate that the Court enter an Order mandating that:

Possession of the discovery materials (except records provided by Discord) is limited to attorneys of record, their office staff, investigators, paralegals, assistants, and law clerks, as well as necessary third-party vendors, consultants, and/or experts (hereinafter collectively referred to as "members of the defense team"). At all times, members of the defense team shall be subject to the terms of this order.

The discovery materials shall not be loaded into an artificial intelligence (AI) tool or model, generative or not, where rights to the data are retained by any party that has not explicitly agreed to be covered by the protective order.

Except as described below, members of the defense team may not provide copies of the discovery materials to other persons, including the Defendant. In addition, defense counsel is required to make a copy of this Protective Order available to members of the defense team.

Members of the defense team, Defendant, and any others to whom disclosure of the content of discovery materials may be necessary to assist with the preparation of the defense, shall not disclose the discovery materials or its contents, other than as necessary for the preparation of defenses at trial and in subsequent legal proceedings, if necessary.

If Defendant is held at the Federal Detention Center (FDC), Defendant will be permitted to review the discovery materials, consistent with the regulations established by the BOP, with or without their counsel, in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying,



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

disseminating, or otherwise retaining the discovery materials. If Defendant is on pretrial release, Defendant will be permitted to review the discovery materials at the offices of defense counsel, or with the defense team via videoconference using the "screen share" function, but will be prohibited from screenshotting, photographing, or capturing the discovery materials in any manner, and will be prohibited from printing out, copying, or disseminating the discovery materials.

Nothing in this Stipulation shall prevent any party from seeking modification of the Protective Order or from objecting to discovery that it believes to be otherwise improper. In the event that any disputes arise relating to the matters covered by the Protective Order, counsel will confer to attempt to resolve the issues. If the parties are unable to resolve a dispute, counsel is free to raise the issue with the Court by way of a motion.

Nothing in this Stipulation shall be deemed to require the government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

The parties respectfully request that the Court issue the proposed Protective Order.

Dated this 21st day of October, 2026.

Respectfully submitted,

*s/ Gregory Murphy*
GREGORY MURPHY
DENNIS CARROLL
Assistant Federal Public Defenders
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Phone: (206) 553-1100
Fax: 206-553-0120

*s/ Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2636
Fax: (206) 553-4440
Todd.Greenberg4@usdoj.gov